## F. P. Banks v. The City of Sullivan.

1. DRAM SHOP KEEPERS—*Liable for Acts of a Bartender.*—It is not material what instructions a dram shop keeper may have given to his bartender in charge of the shop in his absence, if he violates an ordinance by keeping open on Sunday his employer is liable.

2. ORDINANCES—*Dram Shops—Rules for Prosecutions Under.*—In a prosecution under an ordinance regulating dram shops the same rules should apply as in a criminal prosecution under the dram shop act.

**Violation of City Ordinance.**—Trial in the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

John V. Burns and Frank Spitler, attorneys for appellant.

Ray D. Meeker, city attorney, for appellee.

Mr. Justice Harker delivered the opinion of the court.

Appellant, a dram shop keeper in the city of Sullivan, was convicted in the Circuit Court for violating the following ordinance:

"Sec. 7. Every dram shop shall be closed each day at 10:50 o'clock p. m. and shall not be re-opened until 4 o'clock a. m. of the succeeding day; every dram shop shall be closed and remain closed during the entire day of Sunday. The proprietor or proprietors of any dram shop violating any of the provisions of this ordinance shall, upon conviction, be fined in a sum not less than $20 nor more than $100 for each and every offense."

It is not denied that appellant's bartender sold and delivered to the purchaser, from appellant's saloon, beer on Sunday, in violation of the ordinance quoted, but it is contended that as the sales were made without the knowledge of appellant and in violation of his instructions he is not liable. In support of that contention it is insisted by counsel that the ordinance can not be considered as passed under the statutory provision which allows cities and villages to regulate the traffic of intoxicating liquors within their corporate limits, but as one having for its purpose the prevention of the transaction of business on Sunday. Being an ordinance merely to prevent the doing of business on Sunday, they urge that the law which makes the dram shop keeper criminally liable for the acts of his agent is not applicable.

We can not place such a construction on the ordinance. It is directed at dram shop keepers. No other business is mentioned. The same rule should apply in a prosecution under it as would in a criminal prosecution under the dram shop act. If appellant is as solicitous about having his business conducted without violating the laws of the city as he would have us believe, he should see to it that he retain bartenders that will have higher regard for his instructions.

300     APPELLATE COURTS OF ILLINOIS.

The court properly refused to allow Lon Grigsby, the bartender, to testify that appellant had instructed him not to sell liquor on Sunday, and properly instructed the jury as to the law. Judgment affirmed.